### In re LYMAN.

(Supreme Court, Appellate Division, First Department. April 7, 1898.)

LIQUOR TAX CERTIFICATE—REVOCATION.

Upon appeal from an order revoking and canceling a liquor tax certificate granted to the Gramercy Club, it appeared that the club consisted in fact of one person, the proprietor of a barroom; that it was organized for the purpose of violating the law; that any one could become a member by paying a few cents, and tickets were given to women, who frequented the place for immoral purposes, to distribute; that no by-laws were adopted, or meetings held; that the alleged members had no interest in the property of the club, and no voice in its management; and that liquor was sold there at prohibited hours. Held, that such a place was not a club, within the meaning of the liquor tax law, and that the certificate was properly revoked.

Appeal from special term, New York county.

In the matter of the application of Henry H. Lyman for an order revoking and canceling a liquor tax certificate granted to the Gramercy Club. From an order revoking the same, it appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Patrick H. Loftus, for appellant.

Royal R. Scott, for respondent.

McLAUGHLIN, J. This is an appeal from an order revoking and canceling a liquor tax certificate granted to the Gramercy Club, upon the ground that it had forfeited its right thereto by trafficking in liquors on Sundays, and between the hours of 1 and 5 o'clock in the morning; also upon the ground that it was not organized in good faith, and its membership was not a legitimate member-

ship; and that it had permitted its premises to be used as, and the same was, a disorderly house. The most casual consideration of the record before us cannot fail to convince one that the order was right, and should be affirmed. This record shows that the Gramercy Club was not organized, or the business thereafter conducted by it, in good faith, so as to bring it within the provisions of the statute relating to clubs. It was organized for the purpose of violating the law. The charter was purchased by one Edward B. Corey, and then he and two or three of his employés met in the barroom, and they said, "We are the Gramercy Club." This was the origin of the club, this constituted the organization, and this was the only meeting held. Thereafter Corey had some tickets prepared, which were given to the women who frequented the place, with instructions to write in the names of such persons as they saw fit. Any person could become a member by the payment of from 10 to 25 cents. Corey was the owner of the place. He received all the money that was taken in. He was the Gramercy Club. No by-laws were ever adopted, and no meeting was ever held after the organization. The place was frequented by a large number of women for immoral purposes, to whom liquor was served on Sundays and during prohibited hours. Its alleged members had no interest whatever in the property. They had no voice in the management of the club. Any person could obtain liquor after 1 o'clock a. m. or on Sundays by joining the club, and nothing was done in the place except to drink, smoke, and solicit for prostitution. It was not a club. It was nothing more or less than a fraudulent scheme or device concocted by Corey to evade the law. Under such a state of facts, which are uncontradicted, it cannot be seriously contended that such a place is a club, within the intent and meaning of the statute above referred to.

The order was right, and should be affirmed, with costs. All concur.